IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE,  :  <br>     Plaintiff,  :  <br>                   : <br> v.  :  <br>                   : <br> ROBERT F. KENNEDY, *et al.*, : <br>     Defendants.  : | CIVIL ACTION NO. 26-CV-1490 |

**ORDER**

AND NOW, this 12th day of March, 2026, upon consideration of Maketa Jolly's Complaint, which duplicates a case she previously filed, *see Jolly v. Kennedy*, No. 26-1387 (E.D. Pa.), apparently in an unsuccessful effort to avoid transfer of her claims to this District from the District of Oregon, (ECF No. 5 at 2), it is **ORDERED** that:

1. The Clerk of Court is **DIRECTED** to **AMEND** the caption to reflect that the Plaintiff in this case is Maketa S. Jolly. Jolly has neither moved to proceed by pseudonym nor made a showing that she would be entitled to do so. *See generally Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011).

2. Pursuant to the Court's general power to administer its docket and dismiss a suit that is duplicative, *see Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (*en banc*), the Complaint is **DISMISSED WITHOUT PREJUDICE** to Jolly pursuing her claims in her previously-filed action, *Jolly v. Kennedy*, No. 26-1387 (E.D. Pa.). *See Emrit v. PNC Bank*, No. 22-1334, 2022 WL 4820306, at *1 n.1 (3d Cir. 2022) (*per curiam*) (finding "no error with the dismissal" of duplicative cases filed in different districts against the same defendant based on the same events); *Fabics v. City of New Brunswick*, 629 F. App'x 196, 198-99 (3d Cir. 2015) (*per curiam*) (finding that court did not abuse its discretion by dismissing duplicative complaint with prejudice when plaintiff was given an opportunity to amend in the earlier-filed case); *Berger v.*

*Weinstein*, No. 08-4059, 2008 WL 4858318, at *3 (E.D. Pa. Nov. 10, 2008) (concluding that, when a plaintiff files a second duplicative action in district court, the fact that the first-filed case is on appeal does not "preclude application of the prior pending action doctrine to the matter proceeding in district court").

    3.    All pending Motions are **DENIED AS MOOT**.

    4.    The Court certifies that any appeal from this Order is not taken in good faith because there is no non-frivolous basis for appeal. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). As noted, Jolly must pursue her claims in *Jolly v. Kennedy*, No. 26-1387 (E.D. Pa.) rather than pursuing duplicative civil cases that repeat her claims.

    5.    The Clerk of Court shall **CLOSE** this case.

**BY THE COURT:**

/s/ John R. Padova, J.
**JOHN R. PADOVA, J.**